IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL JESTER,

      Petitioner,                    No. 2:12-cv-0884 JFM (HC)

    vs.

VIMAL J. SINGH,

      Respondent.                 ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. Petitioner, the only party to appear in this action, has consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner raises four grounds for relief in his application. Grounds Two and Three appear directed at petitioner's underlying conviction, which was suffered in the San Diego County Superior Court in 1992. Grounds One and Four of the petition challenge prison

/////

1

disciplinary convictions and a decision of the California Board of Parole Hearings (Board) that petitioner contends was impacted by those convictions.

Petitioner's challenge to his underlying conviction should be brought, if at all, in a separate habeas corpus action. See Rule 2(e), 28 U.S.C. foll. § 2254 (petitioner must bring separate petition for separate judgments).[1]

In Ground One of the application, petitioner claims that the federal constitutional protection against double jeopardy was violated by the use of "false info" in his central file to support a ten year denial of parole. Petitioner contends that he "was already punished for CDCR disciplinary issues yet BPT based their denial" on that record. In Ground Four, petitioner claims that his right to due process in disciplinary matters was violated by the CDCR putting false information in his central file, which case him harm at the 2010 parole hearing.

Appended to the application is, inter alia, at decision of the Solano County Superior Court denying a petition for writ of habeas corpus filed in that court. This order appears to be the last reasoned state court decision on claims substantially similar to Grounds One and Four of the instant petition. The court order reveals that the documents to which petitioner refers are "four CDC 128-A Custodial Counseling Chronos" and that petitioner claimed he had never received copies of the chronos nor had an opportunity to appeal them. The superior court denied the petition on the ground that such chronos "are used to document minor misconduct" and that petitioner had provided no evidence they had "prejudiced him in any way." In the Matter of the

/////
/////
/////

---

[1] While both this Court and the United States District Court in the district where petitioner was convicted would have jurisdiction over an attack on petitioner's underlying criminal conviction, see Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973), any and all witnesses and evidence necessary for the resolution of petitioner's application are more readily available in San Diego County. Id. at 499 n.15; 28 U.S.C. § 2241(d). Thus, any such petition should be filed in the United States District Court for the Southern District of California.

Application of Daniel Jester H-62991 for a Writ of Habeas Corpus, Case No. FCR285388, Order Denying Petition for Writ of Habeas Corpus, filed July 15, 2011, at 1.[2]

Rule 4 of the Habeas Rules authorizes a judge to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254.

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court

---

[2] A second level response to an administrative grievance filed by plaintiff notes that the chronos in question were in plaintiff's central file when he had a so-called Olsen Review on February 3, 2010 in preparation for the Board hearing in question. Memorandum, dated March 11, 2011, at 1, attached as an exhibit to the Petition, filed April 5, 2012.

decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (internal citations omitted) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).  Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d).  Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

After review of all of the exhibits appended to the application, the court finds that the superior court's rejection of petitioner's claims was entirely reasonable.  In particular, review of those parts of the Board decision that petitioner has appended demonstrate that the chronos in question played at most a minor role in the 2010 decision to deny petitioner parole.[3]  Moreover, those chronos were not punitive and any reliance that the Board placed on those chronos to deny petitioner parole for a period of ten years did not violate the double jeopardy clause of the United States Constitution.

For all of the foregoing reasons, petitioner's application for a writ of habeas corpus will be summarily dismissed. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has

---

[3] As a general matter, petitioner is only entitled to federal habeas corpus relief based on the denial of parole if he was denied an opportunity to be heard and a statement of reasons for the decision. See Swarthout v. Cooke, 562 U.S., 131 S.Ct. 859, 862-63 (2011). It is clear from exhibits appended to the petition that petitioner was present at the 2010 parole hearing, had an opportunity to be heard, and was given a statement of reasons for the denial.

4

made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). For the reasons set forth in this order, petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, this court will not issue a certificate of appealability.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus is summarily dismissed; and

2. This court declines to issue a certificate of appealability.

DATED: May 2, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
jest0884.sd